

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
FEB 2 2 2006
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 05-40123 |
| Plaintiff, | * | |
| - vs - | * | MEMORANDUM AND ORDER RE: MOTION TO SUPPRESS |
| GREGARIO ARANA-ARELLANO, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant has been charged with illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). Defendant filed a Motion to Suppress which contends that all of the evidence obtained as a result of the stop, seizure and questioning of defendant be suppressed because the actions of law enforcement were in violation of the rights secured to him by the Fourth, Fifth and Sixth Amendments to the Constitution of the United States. Doc. 28. The Government opposed the motion. Magistrate Judge John E. Simko held an evidentiary hearing on the motion and filed a Report and Recommendation suggesting that the Motion to Suppress be granted in part and denied in part as follows:

> (1) The stop of the brown pick up and the seizure of Mr. Arana on October 6, 2005 did not violate the Fourth Amendment. (2) Mr. Arana's un-warned statements at the scene of the stop, however, made in response to custodial interrogation, should be suppressed. (3) Mr. Arana's spontaneous statements, made in the vehicle during the ride to the ICE office, should not be suppressed. (4) The identification card and Social Security card which were removed from Mr. Arana's wallet were properly seized incident to his arrest and should not be suppressed.

Doc. 37.

Defendant timely filed objections to the Magistrate's Report. Doc. 40. After reviewing the record, including the transcript of the evidentiary hearing, and Magistrate Judge Simko's Report, the

Court will adopt the Report with the exception that the Court will suppress all statements made by the defendant in the vehicle during the ride to the ICE office as well as those at the scene of the stop.

The Court notes that aliens in this country, as well as citizens of this country, are sheltered by the Fourth Amendment. In resolving this motion to suppress, the Court must consider the Fourth Amendment's protections as well as the statutory scheme for the enforcement of the immigration laws.[1] "[T]he Fourth Amendment requires that a seizure must be based on specific , objective facts indicating that society's legitimate interests require the seizure of the particular individual, or that the seizure must be carried out pursuant to a plan embodying explicit neutral limitations on the conduct of the individual officers." *Brown v. Texas*, 434 U.S. 47, 51 (1979)(*citing Delaware v. Prouse*, 440 U.S. 648, 663 (1979)).The totality of the circumstances preceding the stop in this case justified a reasonable suspicion that the defendant was involved in criminal conduct.

Prior to the stop and warrantless arrest in issue, Randy Walker, a Special Agent with the United States Secret Service had received reports from Sioux City law enforcement that defendant had provided counterfeit money. Special Agent Walker had interviewed defendant's father in law, who had advised that Defendant had worked at Wendy's, had gone by the name of Juan, and was driving a brown pickup truck. Special Agent Walker had also interviewed defendant's wife. She had advised that defendant possessed counterfeit money, was illegally in the United State, and had been previously deported for a weapons violation after shooting in to a house in South Sioux City. Although defendant's wife advised Special Agent Walker that defendant had fled the area, an informant later identified defendant from a photograph in defendant's immigration file, and advised Special Agent Walker that defendant was residing at 1128 South Walts in Sioux Falls, South Dakota.

Special Agent Walker also contacted Special Agent Scherer with the Department of Homeland Security Immigration and Customs Enforcement who checked the central index system data base maintained by the Immigration Service. This check verified that defendant had been

---

[1] Pursuant to 8 U.S.C. § 1357(a)(1) and (2) an immigration officer and employee may, without a warrant, "interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States, " and "arrest any alien ... if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest ... ."

2

previously deported as an aggravated felon.

At the time the officers arrived at the residence at 1128 South Walts in Sioux Falls, South Dakota, in October of 2005, they had obtained a search warrant of the residence and any persons found at the residence. They arrived at 6:30 a.m., while it was still dark, and observed defendant's wife and a male passenger departing the residence in a brown pickup truck. A motor vehicle inquiry regarding the license plate disclosed that the pickup was registered to the defendant and his wife. The officers had no information that any persons other than defendant and his wife lived at the residence at 1128 South Walts. In consideration of the totality of the circumstances, there was no Fourth Amendment violation in this case.

The Report and Recommendation relies on *United States v. Chipps*, 410 F.3d 438, 445 (8th Cir. 2005), as support for not suppressing defendant's statements of "Why are you calling me Juan when you know my name is Gregorio?" This Court does not find *Chipps* controlling in the case at hand. Special Agent Scherer testified that after defendant was placed in handcuffs, Special Agent Scherer "told [defendant] that I was here because I thought that his name was Gregorio Arana, and that he was possibly in the United States illegally." Special Agent Scherer also testified that he advised defendant that the person who was assigned to the name of Juan Arana was actually born in Nicaragua. Given these facts, this Court cannot characterize defendant's question as a "spontaneous statement made during a conversation not initiated by the officer," *Id.*, but characterizes the question not as an admission but instead as a retort to the accusation that defendant was Gregorio Arana, not Juan Arana. The "you know" was a retort to what the agent was claiming without admitting the agent was correct. Accordingly,

IT IS ORDERED:

(1) That the Magistrate's Report and Recommendation (Doc. 37) is adopted in part and rejected in part; and

(2) That the Motion to Suppress (Doc. 28) is granted with regard to all statements made by the defendant in the vehicle during the ride to the ICE office as well as those at the scene of the stop, and denied with regard to all other matters.

Dated this 22nd day of February, 2006.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: /s/ Jackie Meisenheimer
(SEAL)   DEPUTY

4